UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-007 |
| | ) | |
| JOE BROWN | ) | |

## MEMORANDUM AND ORDER

The defendant has pled guilty to conspiring to distribute and possess with the intent to distribute five grams or more of methamphetamine, a crime statutorily subject to a 60-month mandatory minimum term of imprisonment. [Doc. 63]. Sentencing is set for March 3, 2022.

The probation office has prepared and disclosed its Presentence Investigation Report ("PSR") [doc. 91], to which the defendant has filed an objection. [Doc. 98]. The United States has responded in opposition. [Doc. 145].

For the reasons that follow, the defendant's objection will be overruled.

## I. BACKGROUND

According to the PSR, the defendant's advisory guideline range is 57 to 71 months, restricted by the mandatory minimum to a range of 60 to 71 months. [Doc. 91, ¶ 55]. The defendant objects that he qualifies for the statutory Safety Valve (which would permit the Court to sentence him without regard to the mandatory minimum) and that he also qualifies for the guideline safety valve (for which the Court would apply a two-level downward variance).

The defendant makes his objection notwithstanding the seven criminal history points assigned by the PSR. That total is the result of a two-point conviction for tampering with evidence and felony evading arrest, a three-point conviction for thefts and aggravated burglaries, and two additional points assigned because he was under a criminal justice sentence at the time of the instant offense. [*Id.*, ¶¶ 35, 37, 39-40].

## II. SAFETY VALVE STATUTE

Prior to the enactment of the First Step Act of 2018, the Safety Valve statute stated as follows:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that –
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, . . . ; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense. . . .

2

18 U.S.C. § 3553(f) (2017). The Sentencing Guidelines also provide for a two-level reduction in a defendant's offense level if these same factors are met. U.S.S.G. §§ 2D1.1(b)(18), 5C1.2.

The First Step Act of 2018 amended subsection (1) of the Safety Valve statute to state:

(1) the defendant does not have—

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

(C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphasis added). The Sentencing Guidelines have not yet been amended to reflect this change.

### III. CASELAW AND ANALYSIS

As mentioned, the defendant objects that he qualifies for the Safety Valve notwithstanding his prior three-point offense and his seven total criminal history points. According to the defendant, the "and" now found between § 3553(f)(1)(B) and (C) means that a defendant is Safety Valve eligible unless his criminal history offends *each* of § 3553(f)(1)'s subsections. Because the instant defendant has not been previously convicted of a prior two-point violent offense, he sees himself as Safety Valve eligible. Stated differently, under the defendant's conjunctive reading, one could have a limitless number

of criminal history points and a limitless number of prior three-point offenses, so long as one does not also have a prior two-point violent offense.

The defendant relies on the Ninth Circuit Court of Appeals' decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).[1] The *Lopez* panel concluded that "a defendant must meet the criteria in subsections (A) (more than four criminal-history points), (B) (a prior three-point offense), *and* (C) (a prior two-point violent offense) to be barred from safety-valve relief by § 3553(f)(1). This means one of (A), (B), or (C) is not enough. A defendant must have all three before § 3553(f)(1) bars him or her from safety-valve relief." *Id.* at 437 (emphasis in original). In reaching that conclusion, the Ninth Circuit found several other canons of statutory construction inapplicable, such as the canon against absurdity and the canon against surplusage. *Id.* at 438-443.

In a decision issued three days prior to *Lopez*, the Eleventh Circuit Court of Appeals reached the opposite conclusion. *United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021).[2] The *Garcon* panel concluded that § 3553(f)(1)'s "and" should receive a disjunctive reading, noting that, in construing a statute, "[w]e do not look at one word or term in isolation, but instead we look to the entire statutory context." *Garcon*, 997 F.3d at 1304 (citation omitted).

---

[1] The Honorable Danny J. Boggs of the Sixth Circuit Court of Appeals sat by designation on the *Lopez* panel, and joined the majority opinion.

[2] On January 21, 2022, the Eleventh Circuit granted Garcon's petition for en banc rehearing, thereby vacating its original decision. *United States v. Garcon*, 23 F.4th 1334 (11th Cir. 2022). This Court will nonetheless discuss the *Garcon* decision herein, because the Court finds its reasoning instructive.

4

> The contextual indication that the "and" in § 3553(f)(1) is disjunctive is that if the "and" is read conjunctively so that a defendant must have all three requirements before he is disqualified from the safety valve, then subsection (A) would be superfluous. If we read the "and" conjunctively, there would be no need for the requirement in (A) that a defendant must have more than four criminal history points total because, if he had (B)'s required three-point offense and (C)'s required two-point violent offense, he would automatically have more than four criminal history points. Thus, Garcon's suggested reading violates a canon of statutory interpretation, the canon against surplusage.

*Id.* at 1305.

The Eleventh Circuit also rejected the argument that the "and" in subsection (1) should be read as conjunctive because § 3553(f) employs an "eligibility checklist" and connects items (f)(4) and (f)(5) with a conjunctive "and." *Id*. at 1305–06. The Eleventh Circuit stated that it was the canon against surplusage that "carrie[d] the day in [its] analysis," but nevertheless stated that § 3553(f)(1) is structurally different than § 3553(f), as § 3553(f) contains a list of affirmative requirements, all of which must be met, while § 3553(f)(1) contains a negative list, none of which can exist if Safety Valve relief is to be granted. *Id*. at 1306.

Moreover, the Eleventh Circuit declined to apply the rule of lenity, finding no grievous ambiguity. *Id*. The Court held that, even if there were some ambiguity, this would be insufficient to warrant application of the rule of lenity. *Id*.

This Court's research finds that the district courts outside of the Ninth Circuit which have considered this issue have each reached the same result as *Garcon*. *See United States v. Ingram*, 537 F. Supp. 3d 967 (C.D. Ill. 2021); *United States v. Fairbanks*, No. 20-CR-0192, 2021 WL 5903483 (D. Minn. Dec. 14, 2021); *United States v. Huller*, No. 18-280,

2021 WL 4173817 (D. Minn. Sept. 14, 2021); *United States v. Wells*, No. 20-cr-30063, 2021 WL 2912474 (C.D. Ill. July 12, 2021); *United States v. Howell*, No. 20-cr-30075, 2021 WL 2000245 (C.D. Ill. May 19, 2021); *United States v. Adame*, No. 1:18-cr-00391, 2019 WL 5191823 (D. Idaho Oct. 15, 2019).

This Court agrees with the reasoning of *Garcon* and the district courts cited above. In particular, the present defendant's desired conjunctive reading would indeed render § 3553(f)(1)(A)'s four-point requirement superfluous. If a defendant has "a prior 3-point offense, as determined under the sentencing guidelines" and "a prior 2-point violent offense, as determined under the sentencing guidelines," then that defendant already has "more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines." Under the instant defendant's desired reading, subsection (A)'s four-point provision becomes utterly unnecessary.

The undersigned respectfully disagrees with the Ninth Circuit's analysis of this issue. The *Lopez* panel opined that a three-point offense is by its mathematical nature also a two-point offense, which would leave a total of only three points covered by subsections (B) and (C), thus keeping subsection (A)'s four-point requirement separately relevant. *Lopez*, 998 F.3d at 440. This Court cannot agree.

The issue herein is not simply that three is greater than two. Instead, the statutory Safety Valve speaks of one-, two-, and three-point offenses "as determined under the sentencing guidelines." As determined under § 4A1.1 of the sentencing guidelines (and its accompanying application notes), one-, two-, and three-point sentences are separately

6

defined. A two-point offense is a "prior sentence of imprisonment of at least sixty days[.]" U.S.S.G. § 4A1.1(b). A three-point offense is a "prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). "As determined under the sentencing guidelines," these are two separate things.

Further, not only would the instant defendant's desired reading render § 3553(f)(1)(A) superfluous, it would lead to absurd results.

> For example, consider a defendant charged with distributing 50 grams of pure methamphetamine and who has 5 prior felony drug convictions, each of which counts for 3 points. Such a defendant would have at least 15 criminal history points and qualify for the highest criminal history category, would be considered a career offender under the guidelines, and would be subject to a 25-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii). Yet, under [the defendant's] reading of the statute, such a defendant would qualify for the safety valve, and be relieved from the mandatory minimum because they do not have a prior 2-point violent offense. This would truly be an absurd result.

*Adame*, 2019 WL 5191823, at *7.

> Indeed, under [the defendant's] interpretation, a defendant could qualify for relief no matter how many three-point convictions he had, as long as he did not have a violent two-point conviction. "[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *United States v. Gordon*, 64 F.3d 281, 283–84 (7th Cir. 1995) (quoting *Griffin v. Oceanic Contractors*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). The alternative to [the defendant's] reading is that a defendant must have avoided incurring both a violent two-point offense and any three-point offenses to qualify for safety valve relief. The Government's interpretation leads to more reasonable and consistent outcomes that provides some relief for those with more limited criminal histories. Accordingly, the Court cannot favor [the defendant's] interpretation that leads to inconsistent and illogical outcomes.

*Ingram*, 537 F. Supp. 3d at 972.

7

As set forth herein, the defendant's objection will be overruled. The defendant has more than four criminal history points (excluding one-point convictions), and he has a three-point conviction. For each of those reasons independently, he does not qualify for the Safety Valve.

## IV. CONCLUSION

As provided herein, the defendant's PSR objection [doc. 98] is **OVERRULED**. Sentencing remains set for March 3, 2022, at 11:30 a.m.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge